FORM 32. Response to Notice to Advise of Scheduling Conflicts                               Form 32
                                                                                         March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## RESPONSE TO NOTICE TO ADVISE OF SCHEDULING CONFLICTS

**Case Number:** 24-1585

**Short Case Caption:** In re: Gesture Technology Partners, LLC

**Party Name(s):** Gesture Technology Partners, LLC v. Apple Inc.

**INFORMATION:** The court uses this form to determine whether and when to schedule cases for oral argument. Arguing counsel may be changed later, but a motion to reschedule is required once the court schedules argument. Please plan in advance to adhere to the limit on the number of arguing counsel in Fed. Cir. R. 34(e).

| | |
|---|---|
| **Argument Waiver** | ☐ My party intends to waive oral argument. |
| NOTE: Filers checking this box must still complete the below sections. **The court may still schedule this case for oral argument even if any party intends to waive argument.** If scheduled, parties may still elect to waive argument using the response to notice of oral argument form. | |
| **Other Parties Representing Interests** | |
| ☐ Counsel for another party will represent my party's interests at oral argument | |
| NOTE: If this box is checked, skip the remaining sections. Any argument date will be selected based on conflict dates for counsel arguing on behalf of your party. | |
| **Name of Expected Arguing Counsel** | John Wittenzellner |
| **Dates Unavailable** | |
| Do you have dates of unavailability within the specific sessions identified by the court's Notice to Advise of Scheduling Conflicts in your case? | |
| ☑ Yes    ☐ No | |
| If yes, attach a separate sheet listing **up to ten dates** of unavailability and **include a statement showing good cause for each date**. Dates without good cause or that do not pertain to arguing counsel (e.g., client conflicts) will not be accepted. The court will only accept dates for one counsel and only if that counsel has filed an entry of appearance. The Clerk's Office will evaluate and note accepted or rejected conflict dates; counsel may contact the Clerk's Office about re-filing if dates are rejected. *See* Fed. Cir. R. 34(d); Practice Notes to Rule 34. | |

FORM 32. Response to Notice to Advise of Scheduling Conflicts  Form 32
March 2023

**Potential Case Conflicts**

Are there other pending cases before this court (regardless of case status) in which expected arguing counsel in this case also expects to argue?

☑ Yes  ☐ No

If yes, attach a separate sheet listing those cases.

I certify the above information and any attached statement is complete and accurate. I further certify that I will update my notice should new conflicts arise or existing conflicts change.

Date: 11/21/2024            Signature: /s/ Fred I. Williams

Name: Fred I. Williams

## Attachment A:

**Statement of Good Cause for Date of Unavailability**

| Date | Cause |
|---|---|
| 2/4/25 | Counsel has multiple pretrial deadlines, including submitting the jury charge and exchanging deposition designations in *Nokking, Inc. v. Therabody, Inc.*, D-1-GN-24-004010 (459th Judicial District, Travis County, Texas). |
| 2/6/25 | Counsel must serve objections to deposition designations in *Nokking, Inc. v. Therabody, Inc.*, D-1-GN-24-004010 (459th Judicial District, Travis County, Texas). |
| 2/7/25 | Counsel must attend a meet and confer regarding all pretrial matters in *Nokking, Inc. v. Therabody, Inc.*, D-1-GN-24-004010 (459th Judicial District, Travis County, Texas). |
| 2/10/25 | Counsel has primary trial responsibility for proving the plaintiff's case at trial in *Nokking, Inc. v. Therabody, Inc.*, D-1-GN-24-004010 (459th Judicial District, Travis County, Texas). |

**Potential Case Conflicts**

Are there other pending cases before this court (regardless of case status) in which expected arguing counsel in this case also expects to argue?

1. *Gesture Technology Partners, LLC, v. Unified Patents,* No. 23-1444;
2. *Apple Inc. v. Gesture Technology Partners, LLC*, No. 23-1475;
3. *Gesture Technology Partners, LLC v. Apple, Inc.*, No. 23-1501; and
4. *In re Gesture Technology Partners, LLC*, No. 24-1038.