2024-1585

---

# United States Court of Appeals

# for the Federal Circuit

---

**In re: GESTURE TECHNOLOGY PARTNERS, LLC,**

*Appellant*

---

Appeal from the United States Patent and Trademark Office in
*Ex parte* Reexamination Control No. 90/014,902

---

**APPELLANT GESTURE TECHNOLOGY PARTNERS, LLC'S
UNOPPOSED MOTION TO RESCHEDULE ORAL ARGUMENT**

*/s/ Fred I. Williams*
Fred I. Williams
*Principal Attorney*
WILLIAMS SIMONS & LANDIS PC
The Littlefield Building
106 E 6th Street, STE 900-168
Austin, TX 78701
512.543.1354 telephone
fwilliams@wsltrial.com

John Wittenzellner
WILLIAMS SIMONS & LANDIS PC
1735 Market Street, Suite A#453
Philadelphia, PA 19103
512.543.1373 telephone
johnw@wsltrial.com

August 22, 2025

COUNSEL FOR APPELLANT GESTURE TECHNOLOGY PARTNERS, LLC

**FORM 9. Certificate of Interest**                           Form 9 (p. 1)
                                                              March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 24-1585 |
| **Short Case Caption** | In re: Gesture Technology Partners, LLC |
| **Filing Party/Entity** | Gesture Technology Partners, LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/22/2025

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Gesture Technology Partners, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑   None/Not Applicable          ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

Pursuant to Federal Circuit Rule 34(d), Appellant Gesture Technology Partners, LLC ("GTP") respectfully requests that the Court reschedule oral argument in this case, which is currently set for October 7, 2025. GTP requests that the Court reschedule the oral argument to (1) October 9, 2025; (2) October 10, 2025; or (3) the next available date subject to the Court's calendar and any conflicts of other parties. Compelling reasons warrant rescheduling, as described in the accompanying declaration of John Wittenzellner.

The Court issued a notice yesterday, August 21, 2025, informing the parties that oral argument is scheduled for October 7, 2025. Dkt. 36. Mr. Wittenzellner will be on an international flight on October 7, with his family, returning from officiating at his brother's wedding. This issue arose from an unintentional omission in GTP's response to the Court's notice to advise of scheduling conflicts, and we regret the error.

Williams Simons & Landis PC maintains a calendar of vacation and personal leave for the purpose of avoiding scheduling conflicts. Although Mr. Wittenzellner's personal conflict was added to the firm's calendar in May 2025, it was unintentionally omitted from GTP's response to the Court's notice to advise of

1

scheduling conflicts. The response did, however, include a conflict on October 10, 2025.[1]

The Court issued a Notice of Unaccepted Attorney Conflict Dates via email on July 14, 2025, in companion case No. 25-1075, in which the Court did not accept the conflict on October 10, 2025. In reviewing the notice, GTP understood in view of the Court's Guidance on Oral Argument Scheduling Conflicts that the October 10 conflict was not accepted because Mr. Wittenzellner's return to the United States on October 7 would provide him with adequate time to prepare for and argue this appeal on October 10, 2025.

GTP first became aware of the unintentional omission of Mr. Wittenzellner's personal conflict on August 21, 2025, when the Court issued the Notice of Oral Argument. Dkt. 36. Upon becoming aware of the unintentional omission, GTP's counsel immediately contacted Appellee's counsel to make them aware of the unintentional omission, and to request their position on whether they would oppose rescheduling the oral argument. Appellee's counsel does not oppose this motion.

GTP respectfully submits that compelling reasons warrant rescheduling of oral argument in this appeal. Mr. Wittenzellner is the person most knowledgeable about the issues in this appeal because he was lead counsel of the *ex parte*

---

[1] GTP's response was filed in *In re: Gesture Technology Partners, LLC*, No. 25-1075, because the Court issued a notice via email on July 7, 2025, setting this appeal as a companion case to No. 25-1075.

2

reexamination giving rise to this appeal, which included arguing GTP's appeal to the Patent Trial and Appeal Board.  This motion is not made for purposes of delay, but instead is being pursued promptly in good faith to correct the unintentional omission of Mr. Wittenzellner's personal conflict.

GTP conferred with Appellee's counsel, who indicated that Appellee does not oppose rescheduling of the oral argument in this appeal.  GTP believes that oral argument will facilitate the panel's consideration of the issues on appeal, particularly the novel issue of the Patent Office's interpretation of the estoppel provision of 35 U.S.C. § 315(e)(1), as it applies to pending *ex parte* reexamination proceedings.

For the foregoing reasons, GTP respectfully requests that the Court postpone oral argument from October 7, 2025, to (1) October 9, 2025; (2) October 10, 2025; or (3) the next available date subject to the Court's calendar and any conflicts of other parties.

Dated:      August 22, 2025                         */s/ Fred I. Williams*
                                                     Fred I. Williams

## <u>DECLARATION OF JOHN WITTENZELLNER</u>

I, John Witenzellner, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a partner of Williams Simons & Landis PC, located in Philadelphia, Pennsylvania, and counsel of record for Appellant Gesture Technology Partners, LLC ("Appellant").

2.     I make this declaration in support of Appellant Gesture Technology Partners, LLC's Unopposed Motion to Reschedule Oral Argument.

3.     My brother, Henry Wittenzellner, is getting married in Pinhão, Portugal on October 3, 2025.  I have been asked to officiate at the ceremony.

4.     My family purchased non-refundable travel to fly to Portugal on September 29, 2025, for the wedding.  Our return flight is scheduled to arrive at Newark Liberty International Airport at 9:05 pm on October 7, 2025.

5.     Williams Simons & Landis PC maintains a calendar of vacation and personal leave for the purpose of avoiding scheduling conflicts.

6.     On May 21, 2025, I requested that the calendar be updated to include my travel from September 29, 2025, to October 7, 2025.

7.     The Court issued a Notice to Advise of Scheduling Conflicts of Arguing Counsel on November 20, 2024.  Dkt. 20.

8.     GTP filed its Response to Notice to Advise of Scheduling Conflicts on November 21, 2024.  Dkt. 22.  Although GTP's response included a conflict during

the week of October 6 (on October 10), it did not include my personal conflict.[2] My understanding until August 21, 2025, however, was that the notice had included my personal conflict because I had entered my conflict in the firm calendar.

9.    The Court issued a Notice of Unaccepted Attorney Conflict Dates via email on July 14, 2025, in companion case 25-1075, in which the Court did not accept the listed conflict on October 10, 2025.  On reviewing the notice, my understanding in view of the Court's Guidance on Oral Argument Scheduling Conflicts was that the October 10 conflict was not accepted because my return to the United States on October 7 would provide me with adequate time to prepare for and argue this appeal on October 10, 2025.

10.    Upon becoming aware of the unintentional omission, I immediately contacted Appellee's counsel to make them aware of the unintentional omission, and to request their position on whether they would oppose rescheduling the oral argument.

11.    That following morning, counsel for Appellee, Justin Bova, informed me that Appellee does not oppose Appellant Gesture Technology Partners, LLC's Unopposed Motion to Reschedule Oral Argument.

Dated: August 22, 2025                         */s/ John Wittenzellner*
                                                John Wittenzellner

---

[2] GTP's response was filed in *In re: Gesture Technology Partners, LLC*, No. 25-1075, because the Court issued a notice via email on July 7, 2025, setting this appeal as a companion case to No. 25-1075.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on August 22, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:        August 22, 2025                    *<u>/s/ Fred I. Williams</u>*
                                                 Fred I. Williams

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 24-1585

**Short Case Caption:** In re: Gesture Technology Partners, LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 587 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/22/2025

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

Save for Filing